# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAM FRADELLA,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-9622 |
| COCA-COLA COMPANY, ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER & REASONS

Before the Court is Plaintiff Pam Fradella's motion to remand.[1] The motion is opposed.[2] The Court held a hearing on Plaintiff's motion on February 23, 2018, and took the motion under advisement.[3] Having considered the parties' arguments,[4] the evidence submitted,[5] and the applicable law, the Court is prepared to rule. For the following reasons, Plaintiff's motion to remand is **DENIED**.

## BACKGROUND

On September 1, 2017, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana against Defendants Coca-Cola Company; Coca-Cola Bottling Company United, Inc.; Coca-Cola Bottling Company United-Gulf Coast, LLC; and Coca-Cola Refreshments USA, Inc. (collectively the "Coca-Cola Defendants"), alleging she "became ill" after consuming a Gold Peak Tea containing "mold or some other deleterious substance."[6] Plaintiff brings this prospective class action on behalf of "all Louisiana residents who purchased and/or purchase[d] and ingested Gold Peak Tea of

---

[1] R. Doc. 9.
[2] R. Docs. 28, 29.
[3] R. Docs. 80, 83, 90.
[4] R. Docs. 9, 28, 29, 61, 63, 65, 71, 81, 88.
[5] R. Doc. 82.
[6] R. Doc. 1-1 at ¶¶ 10–13.

1

any flavor sold in a package that contained mold or some other deleterious substance" between September 1, 2016 and September 1, 2017.[7] According to Plaintiff, "there are thousands of Louisiana residents who have purchased Gold Peak Tea and been adversely effected by this unwholesome product."[8]

On September 26, 2017, arguing there was complete diversity and at least $75,000 in controversy, the Coca-Cola Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332(a).[9] On December 6, 2017, Plaintiff filed an amended complaint, adding Rouses Enterprises, LLC ("Rouses"), which is a non-diverse party, as a Defendant. Because diversity had been destroyed, the Court ordered the Coca-Cola Defendants to file an amended notice of removal establishing this Court's jurisdiction pursuant to the Class Action Fairness Act ("CAFA"),[10] which they filed on December 14, 2017.[11] On October 25, 2017, Plaintiff filed a motion to remand based on the addition of Rouses, the non-diverse defendant, contending the so-called "local controversy exception," requires remand, as Plaintiff alleges she seeks to recover "significant relief" from Rouses.[12]

Finding it necessary to determine whether the Court had jurisdiction over the matter, on December 28, 2017, the Court set an evidentiary hearing on Plaintiff's motion to remand and ordered the parties to undergo jurisdictional discovery.[13] Prior to the evidentiary hearing, the parties submitted various memoranda,[14] and on February 23, 2018 the Court heard arguments and admitted evidence.[15]

---

[7] *Id.* at ¶¶ 1, 24.
[8] *Id.* at ¶ 25.
[9] R. Doc. 1.
[10] R. Doc. 40.
[11] R. Doc. 44.
[12] R. Doc. 9.
[13] R. Doc. 54.
[14] R. Docs. 61, 63, 65, 71, 81, 88.
[15] R. Docs. 80, 82.

## **LEGAL STANDARD**

CAFA expands the jurisdiction of federal courts to preside over "class actions"[16] in which: (1) the aggregate value of the claims exceeds $5,000,000;[17] (2) there are at least 100 class members;[18] and (3) there is minimal diversity.[19] The removing party bears the burden of proving CAFA's jurisdictional prerequisites apply.[20] These prima facie elements include: (1) that the amount in controversy exceeds $5 million, and (2) there is "minimal diversity."[21] Once CAFA's prima facie elements are established, the party moving for remand bears the burden of proving the case falls within an exception to CAFA jurisdiction.[22] Relevant to the case at bar, two such exceptions include: (1) the "local controversy" exception,[23] and (2) the requirement that there be "100 or more persons" in the proposed class.[24] "If the applicability of an exception [to CAFA jurisdiction] is not shown with reasonable certainty, federal jurisdiction should be retained."[25]

---

[16] CAFA loosened the requirements for diversity jurisdiction for two types of cases—"class actions" and "mass actions." The Act defines "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute or rule of judicial procedure*." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Because Plaintiff filed her petition in state court "as a class action pursuant to article 591, et seq., of the Louisiana Code of Civil Procedure," R. Doc. 1-1 at 1; R. Doc. 33 at 1, the case is properly considered a class action.
[17] *Id.* § 1332(d)(2).
[18] *Id.* § 1332(d)(5)(B).
[19] 28 U.S.C. § 1332(d)(2)(A).
[20] *Joseph v. Unitrin, Inc.*, No. 08-077, 2008 WL 3822938, at *4 (E.D. Tex. Aug. 12, 2008) (quoting *Evans v. Walter Indus.*, 449 F.3d 1159, 1164 n. 3 (11th Cir. 2006)). CAFA itself is silent as to which party has the burden of proving these three elements. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (holding that, if CAFA's threshold jurisdictional requirements are met, the party seeking remand must prove the applicability of the exceptions to CAFA, but offering "no comment" on which party has the initial burden of proving removal jurisdiction).
[21] 28 U.S.C. § 1332(d)(2); *Magnum Minerals, LLC v. Homeland Ins. Co. of N.Y.*, No. 13-103, 2013 WL 4766707, at *2 (N.D. Tex. Sept. 5, 2013); *Garcia v. Boyar & Miller, P.C.*, No. 06-1936, 2007 WL 1556961 (N.D. Tex. May 30, 2007).
[22] *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 290 (5th Cir. 2011) ("The parties moving for remand bear the burden of proof that they fall within an exception to CAFA jurisdiction."); *Preston v. Tenet Healthsystem Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007)(reaffirming that the party moving for remand "must prove that the CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction.").
[23] 28 U.S.C. § 1332(d)(4)(A).
[24] *Id.* §§ 1332(d)(4)(A), (5)(B).
[25] *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 (5th Cir. 2016).

**DISCUSSION**

As the removing party, Defendants have the burden of proving by a preponderance of the evidence that CAFA's prima facie elements have been met. Because it is clear minimal diversity exists in this case,[26] the only issue for which Defendants' bear the burden of proof is whether more than $5,000,000 is in controversy.[27] If Defendants establish more than $5,000,000 is in controversy by a preponderance of the evidence, the burden shifts to Plaintiff, who must establish by a preponderance of the evidence that an exception to CAFA applies, thereby requiring remand.[28]

I. **Defendants' burden**

a. **Amount in Controversy Requirement**

The amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation."[29] This amount "may be established 'either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought,'"[30] and includes "everything [the plaintiff] seeks," not simply what "the plaintiff is likely to win."[31] "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the

---

[26] 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in . . . any member of a class of plaintiffs is a citizen of a State different from any defendant.").
[27] Defendants mischaracterize the "100 person" requirement as a prima facie element of CAFA jurisdiction. The 100 person requirement has been characterized as an "exception" to CAFA jurisdiction, the burden of proof for which rests with the party seeking remand. *See Williams*, 657 F.3d at 290; *Garcia*, 2007 WL 1556961 at *4.
[28] *Williams*, 657 F.3d at 290; *Preston*, 485 F.3d at 797.
[29] *Valdez v. Metropolitan Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1163 (D.N.M. 2012).
[30] *Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 600–01 (E.D. Tex. 2009) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005)); *see also* Class Action Fairness Act of 2005, S. Rep. No. 109–14, at 42–43. (Feb. 28, 2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 4041, 2005 WL 627977 (noting that "a class action seeking an injunction that would require a defendant to restructure its business in some fundamental way might 'cost' a defendant well in excess of [the statutory minimum] . . . , but might have substantially less 'value' to a class of plaintiffs.").
[31] 643 F. App'x 371, 376 (5th Cir. 2016) (quoting *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015)).

plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence."[32] Summary judgment-type evidence can include (1) the plaintiff's estimate of the proposed class's size,[33] and estimates of (2) compensatory damages, (3) exemplary damages, and (4) attorneys' fees.[34]

When the damage award estimate per plaintiff is relatively minor, courts must consider the proposed class's size in determining whether the amount in controversy is met. In *Perritt v. Westlake Vinyls Co., LP*, for example, the Fifth Circuit affirmed the district court's grant of a motion to remand based on the defendants' failure to establish the amount in controversy exceeded $5 million.[35] In the state court petition, the plaintiffs alleged that "[o]n the morning of March 22, 2012, a Westlake Chemical facility exploded in Geismar, Louisiana. As alleged, the explosion caused the release of various chemicals, including Vinyl Chloride Monomer ("VCM"). A 'shelter in place' order also encapsulated a one-mile radius from the facility's location." Based on these events, the plaintiffs alleged defendants caused them to suffer damages.[36] The district court remanded the case, finding "CAFA jurisdiction [was] lacking because 'Westlake . . . failed to prove by a preponderance of the evidence that the jurisdictional minimum [wa]s met.'"[37]

The Fifth Circuit affirmed the district court's remand order, finding the state court petition did not make the amount in controversy facially apparent, as it "overstat[ed] the reach of the plaintiffs' petitions by improperly equating the geographic areas in which potential plaintiffs might reside with the population of the plaintiff class itself," and the

---

[32] *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).
[33] *See Carter v. Westlex Corp.*, 643 F. App'x 371, 374 n.1. (5th Cir. 2016).
[34] *See id.* at 375–77.
[35] 562 F. App'x 228, 231–32 (5th Cir. 2014).
[36] *Id.* at 229–230.
[37] *Id.* at 231.

damage each plaintiff incurred was minimal.[38] The court explained:

> Appellants' affiant does not provide any estimate of the claims Westlake expects to pay as a result of this incident. Westlake avers that VCM is dangerous when inhaled in "extremely high concentrations," but does not explain what an "extremely high concentration" is, nor does it explain how much VCM was released as a result of this incident beyond "reportable quantities." Indeed, Westlake's affidavit confirms the limited nature of this event; it avers that the fire in the VCM column "was extinguished within approximately 20 minutes after the release began," and that the Mississippi River was closed for a "limited period."[39]

Thus, given the small class size and a limited potential damage award, the Fifth Circuit concluded the necessary amount in controversy was not met in that case, affirming the district court's remand order.

In this case, Plaintiff seeks, *inter alia*, "rescission of the sales of the Gold Peak Tea product to the Plaintiff and the Putative Class," damages in "an amount adequate to compensate Plaintiff and the Putative Class for their economic losses, including the purchase price and interest therefrom since the date of purchase," attorney's fees, and costs.[40] Plaintiff frames the geographic area in which potential plaintiffs might reside as all of Louisiana.[41] In their opposition to Plaintiff's motion to remand, Defendants initially contend the amount in controversy is "facially apparent," but then rely on both Plaintiff's state court petition, Plaintiff's initial disclosures, and evidence demonstrating the number of Gold Peak bottles sold since September 1, 2016. They point to Plaintiff's allegation that she brings this case on behalf of "thousands" of class members, each of whom seeks $4,000 in damages.[42]

During the February 23, 2018 evidentiary hearing and through subsequent

---

[38] *Id.* 231–32.
[39] *Id.* at 232.
[40] R. Doc. 1-1 at 12–13.
[41] *Id.* at 1.
[42] R. Doc. 63-4; 81-6.

6

supplemental submissions, the parties provided the Court with evidence that:

1. Pam Fradella purchased eight bottles of Gold Peak Tea from Rouses on September 21, 2016 for $2.00/bottle;[43]
2. Coca-Cola Bottling Company United, Inc. "distributed and/or sold approximately 1,244,555 cases of shelf-stable Gold Peak Tea products in Louisiana from September 1, 2016 through February 20, 2018";[44] and
3. "Between September 1, 2016 and February 1, 2018, 26.7 million bottles of Gold Peak Tea were distributed in the State of Louisiana by The Coca-Cola Company/CocaCola Refreshments USA, Inc."[45]

Also during the hearing, Plaintiff's counsel candidly admitted that $4,000 in damages for a class member who purchased a tainted Gold Peak Tea, but did not drink it or become ill, was excessive.[46] More likely, a class member in that situation would only be entitled to rescission of the purchase price.[47]

Given the sheer number of Gold Peak Teas distributed throughout the State of Louisiana since September 1, 2016, the Court finds the amount in controversy is met in this case,[48] and Defendants have borne their burden of establishing CAFA's prima facie elements by a preponderance of the evidence.

## II. Plaintiff's burden

Having established the prima facie elements of CAFA jurisdiction are met in this

---

[43] R. Doc. 82-10.
[44] R. Doc. 82-1.
[45] R. Doc. 90 at ¶ 3.
[46] Specifically, Plaintiff's counsel stated: "there might be some hyperbole in there." Unofficial Transcript at 9:29 at 17–24.
[47] *See* La. R. S. art. 2545, cmt. (c) ("When the thing sold contains a redhibitory defect, the manufacturer and the seller are solidairly liable to the buyer for a return of the purchase price."); *see also Demars v. Natchitoches Coca-Cola Bottling Co, Inc.*, 353 So. 2d 433, 438 (La. 3 Cir. 1977).
[48] During the hearing on Plaintiff's motion to remand, Plaintiff was unable to provide the Court with any information regarding the class's potential size from which the Court could draw a "common sense conclusion." When questioned regarding the class's potential size, Plaintiff's counsel stated:
> Well, that's sort of the like the tail end of the process, Your Honor, when we go through proof of claim process and trying to—once you identify the class members who got sick, who didn't get sick, who realized it, when they realized it, those kind of things, how many times it occurred to them, whatever, all of those things.

Unofficial Transcript at 9:27 at 16–21.

case, for the Court to grant Plaintiff's motion to remand, the Plaintiff bears the burden of proving an exception to CAFA jurisdiction applies.[49] Relevant to the Court's inquiry, Plaintiff avers the local controversy exception applies to this case. Further, although Plaintiff does not urge the exception, the Court raises the issue of whether there are at least 100 potential class members sua sponte.[50]

### a. Local Controversy Exception

Pursuant to CAFA's local controversy exception, a district court "shall decline to exercise jurisdiction" if, *inter alia*, the alleged conduct of at least one local defendant "from whom significant relief is sought" "forms a significant basis for the claims asserted by the proposed plaintiff class."[51] Pursuant to this exception, Plaintiff argues the Court must remand the case based on the addition of Rouses as a Defendant, as Plaintiff seeks "significant relief" from Rouses, which is a Louisiana domiciliary.

"[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."[52] However, the Court applies a different standard in removal cases. "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."[53] Nor is a court deprived of jurisdiction in a case removed on the basis of diversity when an amended complaint is thereafter filed that reduces the amount in controversy below the statutory threshold.[54] This disparate treatment arises because

---

[49] *See Williams*, 657 F.3d at 290; *Garcia*, 2007 WL 1556961 at *4.
[50] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[51] 28 U.S.C. § 1332(d)(4)(A)(i).
[52] *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007)
[53] *Id.* at 474 & n.6.
[54] *St. Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S. 283, 292 (1938).

8

"removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment."[55]

The Fifth Circuit considered the effect of post-removal amendments in the CAFA context in *Cedar Lodge Plantation, LLC v. CSHV Fairview I, LLC*.[56] In that case, the court expressly held that "the application of the local controversy exception depends on the pleadings *at the time the class action is removed*, not on an amended complaint filed after removal."[57] The issue before the court in *Ceder Lodge* was identical to the issue at bar: whether a plaintiff can amend her complaint post-removal to include a non-diverse defendant from whom she seeks "significant relief," thereby requiring remand.

During the evidentiary hearing, Plaintiff attempted to distinguish *Cedar Lodge* from the case at bar. Plaintiff argued that, because Defendants in this case initially removed the case pursuant to 28 U.S.C. § 1332(a),[58] and did not amend their notice of removal to state CAFA as the basis for removal until after Plaintiff had amended her complaint to include Rouses as a Defendant, *Cedar Lodge* does not preclude this Court from granting Plaintiff's motion to remand based on the local controversy exception. The Court disagrees.

The Fifth Circuit's holding was clear: the applicability of the local controversy exception depends on the allegations in the complaint "at the time of removal," not "at the time of removal *pursuant to CAFA*." The court in *Cedar Lodge* did not base its holding on an analysis of the defendants' basis for removal; rather, it focused its analysis on the

---

[55] *Rockwell*, 549 U.S. at 474 n.6.
[56] 768 F.3d 425 (5th Cir. 2014).
[57] *Id.* at 426.
[58] R. Doc. 1.

contents of the plaintiff's state court petition at the time the action was removed:

> Under [CAFA], the local controversy exception applies to the district court's jurisdiction "over a class action." The term "class action" has the same definition here as it does in the portion of the statute that sets the initial requirements for federal jurisdiction over class action. In both cases, "class action" refers to the "civil action filed." Thus when Congress provided that the district courts are to decline to entertain jurisdiction over "class actions," *it meant that the courts are to look at the action when it is filed in order to determine whether the conditions for abstention are present.*[59]

In this case, Plaintiff's state court petition was filed "as a class action pursuant to article 591, et seq., of the Louisiana Code of Civil Procedure."[60] Thus, although Defendants cited 42 U.S.C. § 1332(a) as their original basis for removal, CAFA jurisdiction existed at the time of removal, and post-removal amendments to Plaintiff's complaint do not affect this Court's jurisdictional analysis. Accordingly, Plaintiff's contention in this case that the inclusion of Rouses as a defendant requires remand pursuant to the local controversy exception is expressly foreclosed by the Fifth Circuit's holding in *Cedar Lodge*.[61] The Court will not grant Plaintiff's motion to remand on this basis.

### b. At Least 100 Class Members

Although Plaintiff does not dispute that the proposed class consists of at least 100 members in this case, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[62]

---

[59] *Cedar Lodge*, 768 F.3d at 428 (emphasis added); *see also Hargett v. RevClaims*, LLC, 854 F.3d 962, 967 (8th Cir. 2017) ("[T]he concept of redefining a class to trigger the local-controversy exception seems to violate § 1332(d)(7), which says that for purposes of the local controversy exception, class citizenship must be determined as of the date of the pleading giving federal exception"); Doyle v. One West Bank, FSB, 764 F.3d 1097, 1098 (9th Cir. 2014) (District Court erred in determining citizenship of plaintiff class by considering class as pleaded in amended complaint filed after removal. "For purposes of considering the applicability of the exceptions to CAFA jurisdiction, the District Court should have determined the citizenship of the proposed plaintiff class based on [the complaint in effect] as of the date the case became removable.").
[60] R. Doc. 1-1 at 1.
[61] *Id.*
[62] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

10

The Court must remand if the putative class contains fewer than 100 members at the time of removal.[63] CAFA provides that for a class action to be removable, "the number of members of all proposed plaintiff classes" must be 100 or greater,[64] and it defines "class members" to mean "the persons (named or unnamed) who fall within the definition of the proposed or certified class."[65] In this case, the class is defined as "all Louisiana resident consumers who purchased, and/or purchased and consumed any Gold Peak Tea product of any flavor that contained mold or some other deleterious substance, [between September 1, 2016 and September 1, 2017]."[66] Based on the evidence submitted during the Court's evidentiary hearing and on the proposed class definition, the Court finds CAFA's requirement that there be at least 100 members of the potential class is met in this case.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to remand[67] is hereby **DENIED.**

**New Orleans, Louisiana on this 2nd day of March, 2018**

_____
**Susie Morgan**
**U.S. District Court Judge**

---

[63] 28 U.S.C. § 1332(d)(5)(B).
[64] § 1332(d)(5)(B).
[65] § 1332(d)(1)(D).
[66] R. Doc. 1-1 at ¶ 1.
[67] R. Doc. 9.