UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAM FRADELLA | * | |
| | * | CIVIL ACTION NO: 17-cv-09622 |
| Plaintiff, | * | |
| | * | |
| versus | * | |
| | * | JUDGE: MORGAN |
| THE COCA-COLA COMPANY, COCA-COLA BOTTLING COMPANY UNITED, INC., COCA-COLA BOTTLING COMPANY UNITED-GULF COAST, LLC, AND COCA-COLA REFRESHMENTS USA, INC. | * | |
| | * | MAGISTRATE JUDGE: KNOWLES |
| Defendants. | * | |

**MEMORANDUN IN SUPPORT OF
MOTION TO QUASH SUBPOENA ON BEHALF OF
THE COCA-COLA COMPANY AND COCA-COLA REFRESHMENTS USA, INC.**

Defendants, The Coca-Cola Company and Coca-Cola Refreshments USA, Inc. (hereinafter collectively referred to as "TCCC/CCR"), through undersigned counsel, hereby submit this Memorandum in Support of their Motion to Quash Subpoena. The Subpoena at issue should be quashed pursuant to Fed. R. Civ. P. 45(d) because it: (A) is untimely and improperly attempts to circumvent this Court's Scheduling Order entered on March 8, 2018; (B) is otherwise procedurally improper as it violates the geographical limits set forth by Fed. R. Civ. P. 45(c); and (C) violates the rules for proper service under Fed. R. Civ. P. 45(b).

00517820

## I. RELEVANT PROCEDURAL BACKGROUND

This lawsuit was filed on September 1, 2017 as a putative class action by Pam Fradella. On March 8, 2018, the Court entered a Scheduling Order, which provided in relevant part that all "[d]iscovery relating to Plaintiff's Motion to Conditionally Certify Class" must be "completed by April 30, 2018," and that a Motion to Conditionally Certify Class must be "filed and served no later than May 20, 2018. . ." Rec. Doc. 96.  Notwithstanding the established discovery cut-off date, Plaintiff did not serve any written discovery on TCCC/CCR or otherwise request the deposition of any employee or corporate depositions of representatives of TCCC/CCR.  On May 20, 2018, however, Plaintiff did file a Motion to Conditionally Certify Class Action, Rec. Doc. 97, to which TCCC/CCR filed a Memorandum in Opposition on May 29, 2018. Rec. Doc. 100.

On June 25, 2018, the Court conducted a telephone status conference for the purpose of discussing Plaintiff's pending Motion to Conditionally Certify. Following the telephone status conference, the Court issued an Amended Scheduling Order, which, among other things, set a Class Certification Hearing on July 19, 2018.  Rec. Doc. 113.  Notably, the Amended Scheduling Order did not re-open or in any way extend the deadline for conducting discovery relating to Plaintiff's Motion to Conditionally Certify Class, which had previously expired on April 30, 2018.

On July 3, 2018, undersigned counsel for TCCC/CCR was served with a Subpoena to Appear and Testify directed to the "Corporate Representative of the [TCCC/CCR]" (hereinafter referred to as the "Subpoena.").[1] The Subpoena purported to compel a Corporate Representative of the TCCC/CCR to appear at the Class Certification Hearing on July 19, 2018 and to bring "[a]ny and all information identified in Exhibit A attached [thereto]."[2] Exhibit A to the Subpoena contained a list of seventeen (17) requests for documents and other information related to

---
[1] Exhibit 1.
[2] *Id.*

00517820

complaints of mold in Gold Peak Tea.³ TCCC/CCR files this Motion to Quash in response to that Subpoena.

## II. LAW AND ARGUMENT

"Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas." *Gomez on Behalf of "YHL" v. Normand*, No. 16-17046, 2017 WL 2868850, at *1 (E.D. La. July 5, 2017).  "The Court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

*Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).)

The Subpoena served on TCCC/CCR must be quashed for three reasons.  First, it is untimely and improperly attempts to circumvent this Court's Scheduling Order.  Second, the subpoena is procedurally improper as it violates the geographical limits set forth by Fed. R. Civ. P. 45(c); and (C) violates the rules for proper service under Fed. R. Civ. P. 45(b). First, the Subpoena must be quashed in accordance with Rule 45(d)(3)(A)(i) because it is untimely and amounts to nothing but a thinly-veiled attempt by Plaintiff to conduct discovery past deadline established by this Court. Second, the Subpoena must be quashed in accordance with Rule 45(d)(3)(A)(ii) because it violates the geographical limits specified in Rule 45(c). And finally, the

---

³ *Id.*

00517820

Subpoena must be quashed because it was not personally served on TCCC/CCR as required by Rule 45(b).

    **A.** **The Subpoena Should Be Quashed Because It Is Untimely and Violates This Court's Scheduling Order and Federal Rules of Civil Procedure 33 and 34.**

[P]ursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation."); *Hamilton v. Ochsner Health Sys.*, No. 12-1398, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012) (Brown, J.); *Powell v. United States*, No. 09-1873, 2009 WL 5184338, at *1 (E.D. La. Dec. 22, 2009) (Vance, J.); *Thomas v. IEM, Inc.,* Civ. A. No. 06–886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008. And, Rule 45 subpoenas, "are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Nguyen v. Louisiana State Board of Cosmetology*, NO. 14-80; 2016 WL 320152, *1 (M.D. La. Jan. 26, 2016) (citing *Thomas v. IEM, Inc*., 2008 WL 695230, at *2 (M.D. La. March 12, 2008); *Pearson v. Trinity Yachts, Inc*., 2011 WL 1884730, at *1 (E.D. La. May 18, 2011) ("[S]ervice on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures from requests for production of document between parties provided by Federal Rule of Civil Procedure 34.")).

    There is a consistent line of authority from the United States District Court for the Eastern District of Louisiana and other courts within the Fifth Circuit that have "disallowed the improper use of a Rule 45 subpoena to obtain information or documents more properly discovered under Federal Rule of Civil Procedure 33 or 34." *Gomez on Behalf of "YHL" v. Normand*, No. CV 16-17046, 2017 WL 2868850, at *2 (E.D. La. July 5, 2017) (citing *Trotta v. Cajun Conti LLC*, No. 15-1186, 2016 WL 6473239, at *1 (E.D. La. Nov. 2, 2016) (collecting authorities) ("plaintiff's use of a Rule 45 subpoena *duces tecum* instead of Rule 34 requests for production must be viewed as an attempt to circumvent the time requirements – 30 days to respond—and other orderly

procedures, both for objections to such requests and for production of materials, between parties contemplated by Fed. R. Civ. P. 34."); *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions*, No. 08-3208, 2009 WL 928568, at *5 (E.D. La. Apr. 2, 2009).

There are at least three logical reasons for "enforcing this distinction." *Gomez*, at *2. "First, the references in Rule 34 to parties and Rule 45 to non-parties appears to suggest that Rule 34 is the proper tool for discovery between parities." *Id*. (citing *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("Rule 45, as well as the advisory committee notes, are replete with references to non-parties. In fact, the notes to the 1991 amendments presume the Rule's exclusive applicability to non-parties with respect to discovery. Indeed, Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that '[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.' Fed. R. Civ. P. 34(c)."). "Second, the discovery rules under Rule 34 provide more expansive time periods to respond to or object to discovery request." *Id*. (citing Fed. R. Civ. P. 34(a)(2)(A)). "Finally, the discovery procedures have certain safeguards to ensuring proper discovery not found under Rule 45, including specificity of objections under Federal Rule of Civil Procedure 34(a)(2)(C) and an obligation to confer about discovery responses prior to the filing of a motion to compel under Rule 37(a)." *Id*.

Pursuant to the Scheduling Order issued by this Court on March 8, 2018, all "[d]iscovery relating to Plaintiff's Motion to Conditionally Certify Class" must have been "completed by April 30, 2018." Accordingly, any Requests for Production of Documents and/or Interrogatories directed to TCCC/CCR must have been served at least thirty days before April 30, 2018 in order to comply with the Court's Scheduling Order and Rules 34 and 33. **<u>No such requests were ever served in this case.</u>** Moreover, any requests for the corporate deposition of TCCC and/or CCR must have

been made before April 30, 2018 so that the deposition could have been completed on or before April 30, 2018. **No such request was ever made in this case.** Plaintiff's issuance of the subject subpoena is thus untimely and represents nothing more than her attempt to circumvent the orderly procedures and safeguards prescribed both by this Court's Scheduling Order and the Federal Rules of Civil Procedure. Accordingly, good grounds exist for the Subpoena to be quashed.

**B. The Subpoena Should Be Quashed Because It Fails to Comply with the Geographical Limits Set Forth by Rule 45(c).**

In 2013, "Rule 45 [was] amended to limit the distance which a party or party officer may be commanded to attend a trial." *Dietz v. Spangenberg*, No. CIV. 11-2600 ADM/JJG, 2014 WL 537753, at *3 (D. Minn. Feb. 11, 2014). Thus, under Federal Rule of Civil Procedure Rule 45(c)(1): "A subpoena may command a person to attend a … hearing … only as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
>> (i) is a party or a party's officer; or
>>
>> (ii) is commanded to attend a trial and would not incur substantial expense.

According to the Advisory Committee Notes to the 2013 Amendment: "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Moreover, "Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)." Rule 45 Advisory Committee Notes to the 2013 Amendment. Thus, "[b]ecause Rule 45(c) directs that compliance may be commanded only as it provides, these amendments

00517820

resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers."[4] In other words, the "2013 Amendment to Federal Rule of Civil Procedure 45 resolved" the "competing authority that debates whether courts have authority to subpoena witnesses who reside more than 100 miles from the place of trial." *Passmore v. Barrett*, No. 2:13-CV-290, 2016 WL 1253541, at *2 (N.D. Ind. Mar. 31, 2016). Thus, "[w]hile [FRCP 45] allows subpoena service anywhere in the country, a subpoena notice can only direct compliance as defined by FRCP 45(c)." *Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, at *1–2 (W.D. Wash. June 3, 2014).

While Rule 45(c) is a relatively new provision, several courts have held that the precise language of the rule warrants that a subpoena be quashed under circumstances similar to the case at hand. For example, in *Roundtree, supra*, the corporate representative resided in and was employed in Arizona, and the subpoena commanded him to testify at trial in Seattle, Washington. The Western District of Washington held that "[r]egardless of his status as nonparty witness, party, or party officer, he is more than 100 miles from Seattle and in another state. Therefore, the Federal Rules of Civil Procedure do not authorize this Court to compel his attendance." *Id*., at *2. See also *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.,* No. 13-CV-6326 TPG, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015) ("[T]he plain language of Rule 45(c) indicates that the court cannot compel a witness—as an individual or as a corporate representative—to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition." Because the plaintiff had no employees within 100 miles of the deposition location,

---

[4] Rule 45 Advisory Committee Notes to the 2013 Amendment. (*Comparing In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans), with *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state)).

the court quashed the subpoena for non-compliance with Rule 45(c)."); *Ishee v. Fed. Nat'l Mortg. Ass'n*, No. 2:13-CV-234-KS-MTP, 2014 WL 12638499, at *1–2 (S.D. Miss. Nov. 13, 2014) (striking down the plaintiff's argument that the defendant's corporate representative could be compelled to attend trial since his employer conducts business in the state where the trial would be held); *Passmore v. Barrett*, 2016 WL 1253541, at *2 (quashing subpoena directed to defendant who lived outside of the State of Indiana and otherwise more than 100 miles from the courthouse); *Dietz v. Spangenberg*, 2014 WL 537753, at *5, *supra* (same). *C.f. In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) (noting that because the subpoena compels the defendant's corporate representative to testify within 50 miles of his home and place of business, the subpoena complies with Rule 45(c)(1)).

Both TCCC and CCR are headquartered in Atlanta, Georgia. None of the employees of TCCC and/or CCR who might potentially possess the information requested in Exhibit A to the Subpoena reside in the State of Louisiana and/or within 100 miles of the courthouse. Accordingly, additional good grounds exist to quash the subject subpoena under F.R.C.P. 45(d)(3)(A)(ii) and F.R.C.P. 45(c)(1).

C. **The Subpoena Should Be Quashed Because It Was Not Properly Served.**

Federal Rule of Civil Procedure 45(b) requires that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." Thus, "[u]nder the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena. *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir.1968)).

In *Weiss*, the plaintiffs had subpoenas of eight employees of the defendant served on counsel of records for the defendant. Thereafter, the defendant filed a Motion to Quash the

subpoenas arguing improper service of the subpoenas. The plaintiffs opposed the motion, arguing that the individuals were agents of the defendant, and thus service on the defendant's counsel was appropriate. Nevertheless, the Eastern District of Louisiana disagreed because "service of these subpoenas would still not be proper, as service on a party's counsel only 'renders such service a nullity.'" *Id*. (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)). Thus, the court "quashe[d] the trial subpoenas as to these eight individuals as they were not served in conformity with the procedures set forth in Rule 45(b)." *Id*. See also *Nguyen v. Louisiana State Board of Cosmetology*, NO. 14-80; 2016 WL 320152, N. 2 (M.D. La. Jan. 26, 2016) (finding improper service of subpoena on defendant's counsel of record as opposed to personal service on defendant); *Ellis v. Louisiana ex rel. Governor's Office of Homeland Sec. & Emergency Preparedness,* No. CIV.A. 13-27-BAJ-RLB, 2013 WL 6272294, at *2 (M.D. La. Dec. 4, 2013) (quashing subpoenas that were improperly served on counsel of record for the defendants).

Instead of serving the subject Subpoena on the agents for service of process for TCCC and for CCR, Plaintiff had the subject subpoena served on counsel of record for TCCC/CCR, Quentin F. Urquhart, Jr. According to FRCP 45(b) and Fifth Circuit precedent, such service is improper, and the subject Subpoena should therefore be quashed.

### III.  CONCLUSION

By serving the subject Subpoena on TCCC/CCR through its counsel of record on July 3, 2018 – after the discovery deadline and in violation of F.R.C.P. 45(b)-(c) – Plaintiff has blatantly disregarded this Court's Scheduling Order as well as the procedural safeguards established by the Federal Rules of Civil Procedure. Accordingly, quashing of the subject subpoena is warranted.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

*/s/ Elizabeth R.R. Showalter*
QUENTIN F. URQUHART, JR. (La. #14475)
ELIZABETH R. R. SHOWALTER (La. #32650)
400 POYDRAS STREET, SUITE 2700
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 310-2100
FACSIMILE: (504) 310-2101

*Counsel for Defendants, The Coca-Cola Company and Coca-Cola Refreshments USA, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, a copy of the pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Elizabeth R.R. Showalter*

00517820