UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| PAM FRADELLA, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-9622 |
| COCA-COLA COMPANY, ET AL., Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion to quash filed by Defendants, The Coca-Cola Company and Coca-Cola Refreshments USA, Inc.[1] The motion is opposed.[2] Defendants have filed a reply.[3] For the following reasons, Defendants' motion to quash is **GRANTED**.

## BACKGROUND

On September 1, 2017, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging she "became ill" after consuming a Gold Peak Tea containing "mold or some other deleterious substance."[4] On September 26, 2017, Defendants removed the case to this Court.[5]

Plaintiff brings this prospective class action on behalf of "[a]ll Louisiana residents who, any time from September 1, 2016 to present, purchased a bottle of Gold Peak Tea of any flavor and any size, that contained visible mold or some other visible deleterious substance, and suffered economic loss."[6] According to Plaintiff, "there are thousands of

---

[1] R. Doc. 118.
[2] R. Doc. 123.
[3] R. Doc. 133.
[4] R. Doc. 1-1 at ¶¶ 10–13.
[5] R. Doc. 1.
[6] R. Doc. 97.

1

Louisiana residents who have purchased Gold Peak Tea and been adversely effected by this unwholesome product."[7]

On June 28, 2018, Court set a class certification hearing to take place on Thursday, July 19, 2018.[8] In connection with the hearing, the Court ordered the parties to exchange and file witness and exhibit lists.[9] On July 3, 2018, Plaintiff served counsel for Defendants with a subpoena to appear and testify directed to the "Corporate Representative of [Defendants]."[10] The subpoena purported to compel a corporate representative for Defendants to appear at the July 19, 2018 class certification hearing and to bring "[a]ny and all information" related to issues Plaintiff identified in a document she attached to the subpoena as Exhibit "A."[11] Exhibit A is a list of seventeen requests for documents and other information related to complaints of mold in Gold Peak Tea.[12] On July 9, 2018, Defendants filed the instant motion to quash.[13]

## LEGAL STANDARD

The quashing or modification of a subpoena is governed by Federal Rule of Civil Procedure 45.[14] The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[15]

Although Rule 45 allows subpoena service anywhere in the United States, a subpoena notice can only direct compliance as defined by FRCP 45(c), which states:

---

[7] R. Doc. 1-1 at ¶ 25.
[8] R. Doc. 113.
[9] *Id.* at 2.
[10] R. Doc. 118-2.
[11] *Id.*
[12] *Id.* at 4–5.
[13] R. Doc. 118.
[14] *Gomez ex rel. "YHL" v. Normand*, No. 16-17046, 2017 WL 2868850, at *1 (E.D. La. July 5, 2017).
[15] FED. R. CIV. P. 45(d)(3)(A)(i)-(iv).

> **(c) Place of Compliance.**
> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

"If the subpoena falls outside of the scope of Rule 45(c), Rule 45(d)(3)(A)(ii) requires the Court to quash the subpoena following timely motion."[16]

## DISCUSSION

Defendants contend the subpoena must be quashed for three reasons: (1) "it is untimely and improperly attempts to circumvent this Court's Scheduling Order"; (2) "the subpoena is procedurally improper as it violates the geographical limits set forth by Fed. R. Civ. P. 45(c)"; and (3) it "violates the rules for proper service under Fed. R. Civ. P. 45(b)."[17] In opposition, Plaintiff argues, (1) the Court's scheduling order notwithstanding, there is "no law that prevents the plaintiff from calling a witness live at trial"; (2) Plaintiff's subpoena is proper, as it "seeks to command a party's officer in the state where the party regularly transacts business"; and (3) because the corporate officers' attorney was served with the subpoena, it was properly served on an agent authorized by law to accept service.[18] Because the Court finds the subpoena does not comply with the geographical limits set forth by Federal Rule of Civil Procedure 45(c), the Court will grant Defendants' motion to quash.

Rule 45 was amended in 2013. The Advisory Committee Notes to the 2013 Amendments provide significant guidance on its application. The Notes explain, "Rule

---

[16] *Roundtree v. Chase Bank USA, N.A.*, No. 13–239, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014).
[17] R. Doc. 118 at 1.
[18] R. Doc. 123 at 1.

3

45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state."[19] Moreover, "Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)."[20] Thus, "[b]ecause Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers."[21] In other words, the "2013 Amendment to Federal Rule of Civil Procedure 45 resolved" the "competing authority that debates whether courts have authority to subpoena witnesses who reside more than 100 miles from the place of trial," including parties and party officers.[22]

In *Roundtree v. Chase Bank USA, N.A.*, for example, a party served a subpoena on a corporate representative who lived and worked in Arizona, commanding him to testify at a trial in Seattle, Washington.[23] The U.S. District Court for the Western District of Washington quashed the subpoena, holding that, "[r]egardless of his status as nonparty witness, party, or party officer, he is more than 100 miles from Seattle and in another state. Therefore, the Federal Rules of Civil Procedure do not authorize this Court to compel his attendance."[24] Because the subpoenaed party did not have any employees

---

[19] FED. R. CIV. P. 45, 2013 cmts.
[20] *Id.*
[21] *Id.*
[22] *Passmore v. Barrett*, No. 13- 290, 2016 WL 1253541, at *2 (N.D. Ind. Mar. 31, 2016).
[23] No. 13-239, 2014 WL 2480259, at *1–2 (W.D. Wash. June 3, 2014).
[24] *Id.* at *2; *see also Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015) ("[T]he plain language of Rule 45(c) indicates that the court cannot compel a witness—as an individual or as a corporate representative—to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition.").

within 100 miles of the deposition location, the court quashed the subpoena pursuant to Rule 45(c).[25]

In this case, the headquarters for both Defendants is in Atlanta, Georgia, which is greater than 100 miles from New Orleans, Louisiana.[26] None of Defendants' employees who might possess the information requested in Exhibit A reside in Louisiana, nor do any of Defendants' employees who might possess this knowledge live within 100 miles of the courthouse. Thus, Plaintiff's subpoena falls outside of the scope of Rule 45(c). As a result, the Court grants Defendants' motion to quash pursuant to Rule 45(d)(3)(A)(ii).[27]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Defendants' motion to quash be and is hereby **GRANTED**.[28]

New Orleans, Louisiana on this 18th day of July, 2018.

_____
**SUSIE MORGAN
U.S. DISTRICT COURT JUDGE**

---

[25] 2014 WL 2480259, at *2; *see also Ishee v. Fed. Nat'l Mortg. Ass'n*, No. 13 -234, 2014 WL 12638499, at *1–2 (S.D. Miss. Nov. 13, 2014) (rejecting the argument that the defendant's corporate representative could be compelled to attend trial, since his employer conducts business in the state where the trial would be held); *Passmore v. Barrett*, 2016 WL 1253541, at *2 (quashing subpoena directed to defendant who lived outside of Indiana and otherwise more than 100 miles from the courthouse).
[26] According to Google Maps, Defendants' headquarters in Atlanta, Georgia is approximately 425 miles away as the crow flies from the Federal Courthouse in New Orleans, Louisiana.
[27] *Roundtree v. Chase Bank USA, N.A.*, No. 13–239, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014).
[28] R. Doc. 118.