UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAM FRADELLA,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-9622 |
| THE COCA-COLA COMPANY, ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Plaintiff Pam Fradella's motion to certify a class.[1] Defendants the Coca-Cola Company; Coca-Cola Bottling Company United, Inc.; Coca-Cola Bottling Company United-Gulf Coast, LLC; Coca-Cola Refreshments USA, Inc. (collectively the "Coca-Cola Defendants"); and Rouses Enterprises, LLC ("Rouses") oppose the motion.[2] Plaintiff has filed a reply;[3] Defendants have filed a joint surreply.[4] The Court held a hearing on Plaintiff's motion on July 19, 2018, and took the motion under advisement.[5] Having considered the parties' arguments,[6] the evidence submitted,[7] and the applicable law, the Court is prepared to rule. For the following reasons, Plaintiff's motion to certify the class is **DENIED**.[8]

## I.    BACKGROUND

On September 1, 2017, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana against the Coca-Cola Defendants, alleging she

---

[1] R. Doc. 97.
[2] R. Docs. 99, 100, 102.
[3] R. Doc. 122.
[4] R. Doc. 131.
[5] R. Doc. 135.
[6] R. Docs. 97, 99, 100, 102, 122, 131, 135.
[7] R. Docs. 137, 138.
[8] R. Doc. 97.

1

"became ill" after consuming a Gold Peak Tea containing "mold or some other deleterious substance."[9] The Coca-Cola Defendants removed the case to this Court on September 26, 2017.[10] On December 6, 2017, Plaintiff filed an amended complaint, adding Rouses as a Defendant.[11]

Plaintiff brings this action on behalf of a class defined as: "All Louisiana residents who, any time from September 1, 2016 to present, purchased a bottle of Gold Peak Teat of any flavor and any size, that contained visible mold or some other visible deleterious substance, and suffered economic loss."[12] According to Plaintiff, "there are thousands of Louisiana residents who have purchased Gold Peak Tea and been adversely effected by this unwholesome product."[13]

Plaintiff moved to certify the class on May 20, 2018.[14] On July 19, 2018, the Court held a hearing on Plaintiff's motion.[15] During the hearing, neither Plaintiff nor Defendants offered any live testimony from witnesses.[16] The Court took the motion under advisement.

## II. LEGAL STANDARD

The party seeking to certify a class bears the burden of demonstrating the case is appropriate for class treatment.[17] Class certification is within the district court's

---

[9] R. Doc. 1-1 at ¶¶ 10–13.
[10] R. Doc. 1.
[11] R. Doc. 33. Having added Rouses as a Defendant, Plaintiff moved to remand the case based on the Class Action Fairness Act's ("CAFA") local controversy exception, R. Doc. 9, which the Court denied on March 5, 2018, R. Doc. 92.
[12] R. Doc. 97. At the Court's June 28, 2018 status conference, Plaintiff clarified that the proposed class seeks only economic damages in the form of recouping the purchase price for purchases of Gold Peak Tea that contained visible mold or some other visible deleterious substance. R. Doc. 113.
[13] R. Doc. 33 at ¶ 25.
[14] R. Doc. 97.
[15] R. Doc. 135.
[16] *Id.* Prior to the hearing, the Court granted Defendants' motion to quash, as Plaintiff sought to subpoena persons outside of the Court's geographic subpoena power. R. Doc. 134 at 5.
[17] *Berger v. Compaq Comp. Corp.*, 257 F.3d 475, 479, n.4 (5th Cir. 2001); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking

discretion, and the decision is essentially a factual inquiry.[18] The class certification decision should not reach the merits of plaintiffs' claims.[19] It may be necessary, however, for a district court to look beyond the pleadings to understand the claims, defenses, substantive law, and relevant facts to make a meaningful certification decision.[20] The district court must "conduct a rigorous analysis" under Rule 23 before certifying a class and must make specific findings regarding how the case satisfies or fails to satisfy the requirements of Rule 23.[21]

To certify a class, the court must first consider whether the prerequisites of Rule 23(a) have been met. Rule 23(a) states:

> **(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all parties is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[22]

If all four prerequisites of Rule 23(a) are satisfied, a district court may permit the action to be maintained as a class, so long as the action falls within any one or more of the three categories established by Rule 23(b). In this case, Plaintiff seeks to certify the class pursuant to Rule 23(b)(3).[23] Rule 23(b)(3) provides in pertinent part:

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition . . . (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for

---

class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").
[18] *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 502–03 (5th Cir. 2004).
[19] *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996).
[20] *Id.*
[21] *Id.* at 740.
[22] FED. R. CIV. P. 23(a).
[23] R. Doc. 97-1 at 18.

3

the fair and efficient adjudication of the controversy. The matters pertinent to these findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in management of a class action.[24]

Thus, when read together, Rule 23(a) and 23(b)(3) provide six requirements for a group of claims to be certified as a class action: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority.[25]

### III. DISCUSSION

As the party seeking class certification, Plaintiff bears the burden of demonstrating the case is appropriate for class treatment.[26] As the Court explains in more detail below, because Plaintiff has failed to satisfy Rule 23's numerosity requirement, the Court denies Plaintiff's motion to certify.

**1. Numerosity**

To certify a class, Rule 23(a)(1) requires a plaintiff to show "the class is so numerous that joinder of all members is impracticable."[27] "To demonstrate numerosity, Plaintiffs must establish that joinder is impracticable through some evidence or reasonable estimate of the number of purported class members."[28] "Although the number of members of any proposed class is not determinative of whether joinder is impracticable," the Fifth Circuit has generally set the threshold of 100 to 150 people as satisfying the numerosity requirement.[29]

---

[24] FED. R. CIV. P. 23(b)(3).
[25] *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 603 (E.D. La. 2006).
[26] *Berger*, 257 F.3d at 479, n.4; *see also Dukes*, 564 U.S. at 349–50.
[27] FED. R. CIV. P. 23(a)(1).
[28] *Turner*, 234 F.R.D. at 604.
[29] *Mullen v. Treasure Chest Casino*, 186 F.3d 620, 624 (5th Cir. 1999).

Plaintiff argues this case should proceed as a class action based on the "known fact that millions of bottles of Gold Peak Tea have been sold in Louisiana in just the last two years," and that, therefore, "it can be inferred that thousands of people have identical complaints."[30] She contends that further discovery will reveal that numerous Louisiana consumers "have purchased bottles of Gold Peak tea containing mold, and have [similar] claims."[31] In support of her motion, Plaintiff introduced evidence of the number of Gold Peak Tea bottles sold in Louisiana and argued that, based on these numbers, the Court may infer that there are "potentially thousands" of claims identical to Plaintiff's. Otherwise, Plaintiff offers no evidence of who her fellow class members might be, nor does she offer more than vague speculation of how many potential class members there are. Nevertheless, Plaintiff argues this inference satisfies Rule 23.

In support of her argument that her evidence satisfies Rule 23's numerosity requirement, Plaintiff cites to *Chavez v. Blue Sky Natural Beverage Co.*, a case from the Northern District of California.[32] In *Chavez*, a consumer filed a class action against Blue Sky Natural Beverage Company ("Blue Sky"), alleging that the company misrepresented the origin of its products, in violation of state law.[33] The court granted class certification, stating, "Although the parties have not identified the number of possible class members,

---

[30] R. Doc. 97-1 at 9. Plaintiff also points to "identical complaints of customers" she found while searching the Internet, providing URLs to Facebook pages and YouTube videos, including quotes from the comment section of those pages. *Id.* at 4–6. At the hearing on Plaintiff's motion to certify the class, the Court excluded these exhibits, finding they constituted inadmissible hearsay evidence. R. Doc. 135 at 1–2; *see Crochet v. Wal-Mart Stores, Inc.*, 2012 WL 489204, at *4 (W.D. La. Feb. 13, 2012) (quoting *U.S. v. El–Mezain*, 664 F.3d 467 (5th Cir. 2011) ("postings from the Internet 'constitute classic hearsay rather than personal knowledge.'")); *see also In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 3245438, at *9 (E.D. La. Nov. 1, 2007) ("Unquestionably . . . a court in approaching class certification must be certain that the methods underlying the proof of any requirement for class certification are reliable."). Even assuming these comments to which Plaintiff cites were admissible, there is no indication these commenters fit the proposed class definition, as the comments do not indicate when or where the tea the commenters allegedly consumed was purchased.

[31] *Id.* at 7.

[32] 268 F.R.D. 365, 377 (N.D. Cal. 2010).

[33] *Id.* at 368–69.

the court infers from the allegation that Blue Sky sold over $20 million of product, or over 500,000 cases per year, that there are numerous purchasers who are potential class members so as to satisfy the numerosity requirement."[34] Plaintiff contends that, as in *Chevez*, the Court may infer that the numerosity requirement is met based on the sheer volume of Gold Peak Tea sold in Louisiana since September 1, 2016.[35]

In opposition, Defendants first distinguish the instant matter from *Chavez*, noting that, based on the class definition in *Chavez*, the class in that case included "every person who purchased the soda and could also read the can."[36] Thus, Defendants argue, "In a country with a high literacy rate, one could presume the total sales volume would be close to that defined class."[37] Defendants argue that, in contrast, in this case, "aside from herself, Plaintiff has no genuine idea—based on competent and admissible evidence—how many class members could exist, nor can this Court reasonably infer numerosity without competent evidence."[38] According to Defendants, merely pointing to the number of units sold of a product does not satisfy the numerosity requirement, as "the proposed class is not *every purchaser of Gold Peak*" rather, the proposed class consists of "all purchasers who encountered mold."[39]

The Court agrees with Defendants that *Chavez* is readily distinguishable from the case at bar. In *Chavez*, the number of cans sold was essentially the same as the number

---

[34] *Id.* at 377. Plaintiff also states, "This Circuit does not require that the class members be known at the time of the certification, rather the class membership must be clearly ascertainable." *Id.* at 11 (citing *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)). In *DeBremaecker*, which the Fifth Circuit ruled on in 1970, the Fifth Circuit affirmed the district court's dismissal of a class action, as the court found the class was inadequately defined and not clearly ascertainable. *Id.* at 734. *DeBremaecker* does not, however, stand for the proposition that class members need not be known at the time of class certification.
[35] R. Doc. 97.
[36] R. Doc. 99 at 6.
[37] *Id.*
[38] R. Doc. 99 at 4.
[39] *Id.* at 5.

6

of consumers who were affected by Blue Sky's alleged false advertising. Thus, the number of cans sold was a strong indicator of how many potential class members there were. In this case, that is not so. For a purchaser to fit the class definition in this case, not only must the consumer have purchased the product, the product must also have contained mold. Although millions of bottles of Gold Peak Tea were sold in Louisiana during the relevant time period, the number of persons who actually fit the putative class definition cannot be reasonably inferred from the evidence presented.[40]

"[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'"[41] As part of the Court's "rigorous" analysis, a party seeking class certification must "be prepared to prove that there are in fact sufficiently numerous parties."[42] Ultimately, Plaintiff's inability to point to any person, other than herself, who fits within her proposed class definition demonstrates the numerosity requirement is not met in this case. "The mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient to meet this prerequisite."[43] The Court finds the numerosity requirement is not met in this case. As a result, the Court denies Plaintiff's motion to certify the class.[44]

---

[40] In her reply brief, R. Doc. 122, Plaintiff argues Defendants "conceded" that the numerosity requirement is met in this case when the Coca-Cola Defendants removed the case under CAFA. *Id.* at 8. As Defendants point out in their surreply, however, under CAFA, Defendants had the burden to show "not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demand. . . . The demonstration concerns what the plaintiff is claiming . . . not whether the plaintiff is likely to win or be awarded everything he seeks." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Verture, Inc.*, 528 F.3d 982 (7th Cir. 2008)). The burden for removal under CAFA "is a pleading requirement, not a demand for proof." *Id.* In this case, pursuant to Rule 23, Plaintiff must "prove that there are in fact sufficiently numerous parties." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).
[41] *Dukes*, 564 U.S. at 351.
[42] *Id.* (quoting *Falcon*, 457 U.S. at 160–161).
[43] *Fleming v. Travenol Lab., Inc.*, 707 F.2d 829, 833 (5th Cir. 1983); *see also Gevedon v. Purdue Pharma.*, 212 F.R.D. 333 (E.D. Ky. Oct. 17, 2002) (holding that the plaintiff "must show some evidence of or reasonably estimate the number of class members"); *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir. 1981) (noting that a plaintiff cannot rely on conclusory allegations that joinder is impracticable; he must show some evidence or reasonable estimate of the size of the class).
[44] Because the Court concludes Plaintiff has not satisfied the numerosity requirement, the Court does not

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion to certify the class is hereby **DENIED**.[45]

**New Orleans, Louisiana on this 26th day of July, 2018.**

                                                    *Susie Morgan*
                                                  **SUSIE MORGAN**
                                   **U.S. DISTRICT COURT JUDGE**

---

address Rule 23's remaining factors.
[45] R. Doc. 97.